## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORNELL JOUBERT** | * | |
| | * | |
| | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | |
| | * | |
| | * | |
| **STATE FARM INSURANCE** | * | |
| **COMPANY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes the complainant, Cornell Joubert (hereinafter "Complainant"), and files his Complaint for Damages against Defendant(s), State Farm Insurance, and NV5 Global, Inc ("NV5") respectfully averring as follows:

### I.    PARTIES

**1.**

Made Plaintiff herein is **Cornell Joubert ("**Complainant**")** a citizen domiciled in Lake Charles, Louisiana.

**2.**

1. Made Defendant(s) herein is **State Farm Insurance**, (Defendant "State Farm") an insurer domiciled in Georgia who is authorized to do and is

1

doing business in the State of Louisiana and the Parish of Calcasieu,

which may be served through its Registered Agent for Service of Process,

the Louisiana Secretary of State 8585 Archives Ave, Baton Rouge

Louisiana 70809.

## II.    JURISDICTION AND VENUE

### 3.

Jurisdiction is proper in this Honorable Court pursuant to 28 USC § 1332

and 1441 because complete diversity of citizenship exists between the parties and

because the amount in controversy is greater than the minimum jurisdictional

amount.

### 4.

Venue is proper in this Honorable Court pursuant to 28 USC §1391(b)

because a substantial part of the events or omissions giving rise to the claim

occurred in this District; Complainant resides in this District and the property that

is the subject to the dispute between Complainant and Defendant are located in

this District.

### 5.

Defendants are justly and truly indebted and obligated unto "Complainant,"

Joubert herein, for the reasons and amounts hereafter set forth with particularity.

### III.    RELEVANT FACTS

**6.**

At all times relevant hereto, Complainant owned the property located at

**2708 Rue Cannes Dr.** Lake Charles, Louisiana 70605.

**7.**

State Farm Insurance Company (hereinafter referred to as "Defendant

State Farm"), insured the Property from October 15, 2019 until October 15, 2021,

under policy number 18BPL2422.

**8.**

The Policy covered the property against specifically named perils, including

hurricanes, wind, and hailstorms.

**9.**

On or about August 27, 2020, hurricane Laura made landfall in the Lake

Charles area causing substantial damage to Complainant's property.

**10.**

The Complainant proceeded to tarp the roofs to prevent further damage as

required by the terms of the contract of insurance.

**11.**

On September 4, 2020, Complainant promptly reported the damages to

Defendant State Farm who assigned claim number 18-11C541-W for the

Property, the hurricane Laura Claim.

**12.**

On September 12, 2020, George Shrub, a claims adjuster for Defendant State Farm inspected the property for hurricane Laura damage.

**13.**

Based on the agreement reached with Defendant State Farm, on October 2, 2020, Complainant signed a contract with the roofing company to start the repairs. This agreement did not include any damages to the roof decking caused by hurricane Laura.

**14.**

On October 4, 2020, Complainant notified Defendant's adjuster, George Shrub, that the roof repairs had begun.

**15.**

On or about October 6, 2020, the roofing company completed the roof repairs as agreed.

**16**.

On October 9, 2020, hurricane Delta made landfall in the Lake Charles area causing additional damages to Complainant's property. Complainant filed a new claim for hurricane Delta Damages under claim number 18-18Q5-93-C

**17.**

On October 19, 2020, Defendant State Farm provided a copy of the original

4

damages caused by Hurricane Laura that included the agreed roof repairs with the roofer for hurricane Laura and an initial payment in the amount of $38,845.28. This estimate did not provide for any damage to the roof decking caused by hurricane Laura.

## 18.

On or about November 1, 2020, Complainant secured several storage units and placed the majority of his personal property in storage until a complete inventory could be done. Because the storage facility had limited amount of storage units available, Complainant had to leave some of his personal property at the site.

## 19.

On November 24, 2020, Defendant State Farm provided Complainant with a supplemental scope that included the HVAC and electrical. Still no inspection for Delta damages.

## 20.

In December 2020, Defendant State Farm referred Serv pro restoration to mitigate the damages caused by Delta.

## 21.

On December 14, 2020, Serv-pro Restoration boxed and packed the remaining items, demoed, mitigated, and dried the property.

**22.**

On January 13, 2021, Serv-Pro Restoration provided an invoice for the services rendered in the amount of $93, 536.66. This invoice was specific to hurricane Delta damages approved by Defendant State Farm.

**23.**

On February 12, 2021, Complainant entered into a temporary rental agreement with ALE Solutions, another preferred vendor of Defendant State Farm.

**24.**

However, from November 2020 until February 2021, Complainant repeatedly requested an inspection after delta based on the cost provided by Defendant State Farm's own vendor, Serv-Pro, the roofing company, the HVAC Company and the electrician. These invoices totaled more than the payments made by the Defendant.

**25.**

In February 2021, Complainant hired Frontline Public Adjusting Company ("Frontline") to assist with the claims filed for Hurricane Laura and Delta.

**26.**

On February 2, 2021, Complainant hired Charles R. Norman, a licensed Louisiana Engineer, to provide a detailed report of the damages caused by the recent hurricanes.

**27.**

On February 19, 2021, Mr. Norman provided a copy of his findings to the Complainant.

**28.**

Based on Mr. Norman's report, on February 24, 2021, Frontline Public Adjusters inspected the property.

**29.**

On March 12, 2021, Frontline provided Complainant their scope of damages in the amount of $566,772.80.

**30.**

In response, Defendant State Farm hired NV5 Engineering Company ("NV5") to conduct a detailed inspection of the property.

**31.**

On March 16, 2021, 157 days after hurricane Delta, Defendant State Farm sent NV5 to inspect Complainant's property.

**32.**

On April 15, 2021, Complainant requested a copy of the claim file documents pursuant to La. RS 22:41(14). Defendant refused.

**33.**

Instead, on April 29, 2021, Defendant State Farm provided a copy of the

engineer's report completed by NV5. Their report agreed with the damages found by Mr. Norman. They disagreed with the cause of the damages.

## 34.

Finally, on July 15, 2021, **279 days** after Hurricane Delta, Defendant State Farm inspected the property for additional damages caused by Hurricane Delta.

## 35.

On July 28, 2021, based on the engineers' reports Complainant submitted an additional scope for Delta damages in the amount of $187, 673.34. Bringing the total amount of damages to $754,446.14

## 36.

On August 26, 2021, Defendant State Farm sent a letter denying the additional damages discussed in both engineer's reports, and the invoice Defendant agreed and paid submitted by Serv-Pro for Delta Damages.

## 37.

Despite agreeing and paying for Delta damages submitted by their preferred vendor Serv-Pro, Defendant State Farm alleged the reason for the denial of additional damages were a satellite image report provided by Area Wide Contractor showing no additional roof damages.

## 38.

Complainant again requested a copy of the claim file documents, including

the satellite report pursuant to LA RS 22:41(14). Defendant again refused.

**39.**

Instead, Defendant State Farm notified ALE Solution's they would not be paying any additional rents. Defendant also notified Complainant they would not be paying for any additional damages.

**40.**

Upon information and belief, Complainant provided Defendant State Farm with a scope and photos of the damages claimed. These reports and inspection provided to Defendant constituted satisfactory proof of loss, as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and 22:1973.

**41.**

Upon information and belief, Defendant State Farm's failure to timely and adequately compensate Complainant for his loss after receiving satisfactory proof of loss, was arbitrary, capricious, and without probable cause.

**42.**

Upon information and belief, Defendant State Farm purposely and/or negligently misrepresented the terms and conditions of the Policy.

**43.**

Upon information and belief, Defendant State Farm conducted the

investigation and claims handling for Complainant's claims in bad faith, pursuant

to La RS §§§ 22:1892, 22:1893, and 22:1973.

**44.**

Upon information and belief, Defendant State Farm willfully and purposely

accepted the Delta damages claimed by its vendor, Serv-Pro, but denied any delta

damages claimed by Complainant.

**45.**

Upon information and belief, Defendant State Farm intentionally and

or/negligently failed to include the visible roof decking damages and shore wall

paneling despite being acknowledged by both engineers.

**46.**

Upon information and belief, Defendant State Farm purposefully and

or/negligently failed to include the damage to the exterior brick despite the

damages being acknowledged by both engineers.

**47.**

Upon information and belief, Defendant State Farm failed to adequately

compensate Complainant for the damages to his personal property that is still

sitting in storage.

1. **CAUSES OF ACTION**

A. **Breach of Insurance Contract**

**48.**

Complainant realleges and re-avers the allegations contained in paragraphs 1-47, above, as if restated herein.

**49.**

An insurance contract, the "Policy," exists between Complainant and State Farm Insurance Company.

**50.**

The "Policy" provides coverage for perils, including hurricanes.

**51.**

Despite having received satisfactory proof of loss for damages caused by the covered perils, Defendant State Farm, failed to timely tender adequate insurance proceeds as required by the "Policy."

**52.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of loss from the insured, Defendant State Farm breached the "Policy."

**53.**

By intentionally and/or negligently misrepresenting to Complainant the

terms and conditions of the "Policy."

**54.**

By intentionally and purposely not including visible damages to the "Property," Defendant State Farm breached the "Policy."

**55.**

By refusing to conduct a timely investigation of the Complainant's Delta Claim in good faith and fair dealing. Defendant State Farm breached the Policy.

**56.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

B. **Bad Faith**

**57.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-56, above, as if restated herein.

**58.**

The actions and/or inactions of Defendant State Farm in failing to timely and adequately compensate Complainant for the covered losses under the "Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant State Farm liable for statutory bad faith penalties.

**59.**

Under La. RS §22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

**60.**

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

**61.**

La. RS §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within (30) days.

**62.**

Defendant State Farm is in violation of La. RS §§22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with her Wind/Hail claims during Hurricane Laura and Delta, despite having received satisfactory proof of loss from the insured and following their own inspections of the property.

**63.**

Defendant State Farm's misrepresentation of the relevant facts and/or the terms of the Policy were in bad faith.

### C. <u>Negligent Infliction of Emotional Distress</u>

**64.**

Defendant State Farm issued insurance policies with the knowledge that the contracts did not provide any relief for the loss of income or revenue.

**65.**

Defendant State Farm Accepted the damages submitted by its vendor for Hurricane Delta only to deny any damages submitted by Complainant. Causing Complainant to suffer sleepless nights and undue stress over the growing cost of rents and storage fees.

**66.**

Defendant State Farm's refusal to provide claim file documents as required under La. RS 22:41(14) can only be described as an intentional attempt to cause Complainant undue financial burden and stress.

**67.**

Defendant State Farm was provided with late notices and eviction notices, threatening to take action against Complainant. Yet Defendant paid its preferred vendor for Delta Damages but refused to accept any damages claimed by Complainant.

**68.**

**WHEREFORE**, Complainant Cornell Joubert prays that after due proceedings and legal delays, there be a judgment herein in favor of Complainant, and against Defendant State Farm for all actual damages, general damages, and special damages, including general, special, and punitive damages under La. RS. §§22:1892 and 22:1973, together with legal interest from the date of the judicial demand, and all costs of these proceedings.

**69.**

**COMPLAINANT FURTHER PRAYS**, for all orders and decrees necessary in the premises for full, general, and equitable relief.

Respectfully Submitted,

_____

Harry Cantrell
Cantrell Law Group, LLC
724 Kirby St.
Lake Charles, LA. 70601

**PLEASE SERVE DEFENDANT**

Through the secretary of State
State Farm Insurance Company
8585 Archives Ave
Baton Rouge, LA. 70809